UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LOGELIN,

    Plaintiff,

v.                          Case No:  2:23-cv-720-JES-NPM

FLORIDA MARINE GROUP, INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #15) filed on October 24, 2023. Plaintiff filed a Response in Opposition to Motion (Doc. #19) on November 14, 2023.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

Defendant argues that the Complaint fails to plausibly state a claim with sufficient facts and that plaintiff is imposing a

heightened duty upon defendant because "Plaintiff's legal conclusion that Defendant had a duty to make sure the vessel was properly moored or relocated is a heightened duty. Defendant only had a duty to use reasonable care under the circumstances in preparing for Hurricane Ian."  (Doc. #15, p. 6.)  Plaintiff disagrees that it is imposing a heightened duty.  "The plaintiff alleged the defendant had the duty to use reasonable care, and then the plaintiff listed factually how it is alleged that the defendant breached that duty. Just because the defendant disagrees with what actions would be considered 'reasonable care under the circumstances' does not mean that the plaintiff's factual allegations are conclusory."  (Doc. #19, p. 4.)

According to the Complaint (Doc. #1), plaintiff resided in a home located on a canal in St. James City, Florida with a dock and lanai in September 2022.  Defendant Florida Marine Group, Inc. owned a vessel named LOSING INTEREST, a 2015 Sea Ray weighing over 40 gross tons.  Defendant moored the vessel on a canal in St. James City, Florida, in September 2022, during the dates that the National Weather Service was forecasting Tropical Storm Ian to become a hurricane.  Plaintiff alleges that defendant had a duty to use reasonable care when preparing the vessel to ride out the hurricane at the dock where it was moored, including moving it if it could not safely be moored at its location.  Plaintiff alleges that defendant failed to take the necessary action to secure the

2

vessel before Hurricane Ian made landfall and the vessel broke loose from its mooring line and came adrift in the canal behind plaintiff's home.  The drifting vessel collided into plaintiff's boat, dock, and lanai causing damage.  Plaintiff alleges that defendant was negligent and breached its duty to secure the vessel LOSING INTEREST.

> Specifically, defendant did not have its boat safely secured because the boat did not have the proper mooring lines rigged and anchors set out to have a boat of that size and weight properly tied off in light of the forecasted storm. The LOSING INTEREST was seen to be floating adrift down the canal on which plaintiff's home was located with a piling still secured to a mooring line (a spring line) that was obviously too short to allow for any rise in water that was forecasted. This demonstrates that the LOSING INTEREST was not properly secured because as the water rose the weight of the boat simply pulled the pole that the mooring line was attached to up out of the bottom. If proper spring lines and other mooring lines had been set there would have been enough slack and lead of the line to allow the boat to float up at its dock.

(Doc. #1, ¶ 9.)  As a direct and proximate result of the negligence of defendant, plaintiff sustained damages totaling $82,785.55.

The parties both cite <u>Chaparro</u> and agree[1] that to properly plead a claim for negligence under maritime law, plaintiff must allege that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's

---

[1] (Doc. #15, p. 4; Doc. #19, p. 2.)

injury; and (4) the plaintiff suffered actual harm." <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1336 (11th Cir. 2012) (citations omitted).  The Court finds sufficient facts placing defendant on notice of the claim against it, including how its duty was breached, and a corresponding harm.

    Accordingly, it is now

    **ORDERED:**

Defendant's Motion to Dismiss (Doc. #15) is **DENIED.**

    **DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of November 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

4